United States District Court
Southern District of Texas

**ENTERED**

July 25, 2023

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| AARON JAMES BAZAN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIV. ACTION NO. 7:23-cv-96 |
| | § | |
| JOE BIDEN | § | |
| PRESIDENT OF THE UNITED STATES, | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION

Plaintiff Aaron James Bazan (C-393-23) has filed a complaint naming President Joe Biden as the defendant. (Dkt. No. 1.) In the complaint, Bazan asserts that he is renouncing his United States citizenship. At the time he filed the complaint, Bazan was incarcerated at the Hidalgo County Adult Detention Center on charges of driving while intoxicated.[1] Bazan proceeds *pro se* in this action.

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). After carefully considering the pleadings, the record, and the applicable law, the undersigned recommends that Bazan's complaint be **DISMISSED with prejudice** for failure to state a claim.

### I.   BACKGROUND

While incarcerated at the Hidalgo County Adult Detention Center, Bazan initiated the instant civil action by filing a hand-written complaint, which alleges the following:

> Denouncing My Citizenship
> of the United States of
> America.

---

[1] *See Jail Records Search Results*, Detention – Hidalgo Cnty., Tex., https://pa.co.hidalgo.tx.us/JailingSearch.aspx?ID=400 (last visited July 24, 2023) (listing the charge against Bazan as "driving while intoxicated").

Now comes forth the Plaintiff Aaron James Bazan . . . . The Petitioner herein filed a request at the Hidalgo County Detention Center on March 19th 2023 announcing that I denounce my citizenship of the United States of America and claim sovereign immunity, and from this day forward of March 20th, 2023, I Aaron James Bazan will be known from here forth as Lord Aaron James Abdul Bazan. Law allowing the plaintiff to denounce citizenship of the USA is the International Declaration of Human Rights Act that was [e]nacted on Dec. 10th 1948 by all members of the United Nations. This Bill was signed and made law govern all countries of the world called Earth on the Date above and baring all 30 articles of the Human Rights Acts.

> Plaintiff [now] gives reason
> for no longer wanting to be a
> citizen of the United States
> of America

This plaintiff born 11-05-1987 in McAllen, TX by no means of his own desire to be born in the USA now gives up my constitutional rights of the USA.

Today is March 19, 2023, and I still have 9 days to go to Court. Why, because I'm being held ransome [sic] this jail get paid 150 dollars for everyday I'm here.

So this here proves that this country that calls itself the home of the free is nothing more than a Big Gang that has decided that the majority of opinion is law and they can break it when they want to!

The foregoing above grounds and cause to denounce citizenship and to request that the USA pay to the plaintiff herein the sum of seven hundred and nighty [sic] three thousand dollars for being treated so unhumanely [sic] with cruel and unusual punishment pain and suffering against a person that is presently under mental ill threat of his is in fact a product of his environment.

(Dkt. No. 1 at 2–3.)

Bazan also filed an application for leave to proceed *in forma pauperis*, but he failed to include a certified copy of his inmate trust fund account, as required by the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(a)(2). On April 3, 2023, the undersigned Magistrate Judge issued an order directing Bazan to supplement his IFP application by submitting a sworn statement of all of his assets and a certified statement of his inmate trust fund account for the previous six months, or to pay the full filing fee of $402.00. (Dkt. No. 3.) This order also warned

2

Bazan that even if he paid the filing fee, his complaint would be subject to limited screening, and it was possible that his complaint could be summarily dismissed. *(See id.* at 2); *see also* 28 U.S.C. § 1915A (requiring dismissal of a complaint filed by a prisoner against a government official if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief). The order also instructed that Bazan was to keep the Clerk advised of his current address, and that failure to do so may be interpreted as a failure to prosecute and could result in dismissal of his case. (Dkt. No. 3 at 3.) Bazan had until May 3, 2023, to comply with the Order. *(Id.)* The deadline has now expired, and Bazan has failed to comply with the court's April 3 Order.

On April 14, 2023, the court's April 3 Order was docketed by the Clerk's Office as "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (Dkt. No. 5.) The public website of the Hidalgo County Adult Detention Center shows that Bazan was released from custody on April 4, 2023. *See Jail Records Search Results*, Detention – Hidalgo Cnty., Tex., https://pa.co.hidalgo.tx.us/JailingSearch.aspx?ID=400 (last visited July 24, 2023). Bazan has not communicated with the court since filing his IFP application in March 2023.

## II. STANDARD OF REVIEW

Because Bazan initiated this action while detained at the Hidalgo County Adult Detention Center on charges of driving while intoxicated, the PLRA requires the court to scrutinize the pleadings. The court must dismiss the case at any time, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim is governed by the same standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *DeMarco v. Davis*, 914

3

F.3d 383, 386 (5th Cir. 2019). When considering whether the plaintiff has adequately stated a claim on which relief can be granted, the court examines whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

Generally, a court should give a plaintiff a chance to amend his complaint before dismissing the case. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."). If it is clear that the defects are incurable, however, leave to amend need not be given. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Bazrowx*, 136 F.3d at 1054 (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (cleaned up).

In reviewing the pleadings, the court is mindful that Bazan represents himself. Courts construe self-represented litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this lenient standard, a self-represented plaintiff must allege more than "labels and conclusions" or a

4

"formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

## III.   ANALYSIS

Bazan's primary objective in this lawsuit appears to be the renunciation of his United States citizenship, or, alternatively, to have that renunciation recognized. While a United States citizen may renounce their citizenship by following one of the seven specified procedures set forth in 8 U.S.C. § 1481(a), Bazan does not allege that he has performed any of the intentional acts of relinquishment required by the statute.[2] Importantly, none of the seven acts specified in the statute involve the judicial branch. Further, Bazan has not provided, and this court has not found, any authority that a federal district court is the proper entity to receive or approve Bazan's attempted renunciation. *See, e.g.*, *Tutora v. U.S. Att'y Gen. for the E. Dist. of Pa.*, Civil Action No. 16-mc-195, 2017 WL 2126321, at *7 (E.D. Pa. May 16, 2017) (dismissing plaintiff's expatriation petition with prejudice because federal district court "is not the proper form for [the plaintiff] to seek to renounce his citizenship"); *In re Marcantel*, Civil Action No. 23-180-BAJ-EWD, 2023 WL 3190435, at *4 (M.D. La. Apr. 3, 2023) (dismissing with prejudice plaintiff's complaint to renounce his U.S. citizenship because "a federal district court is [not] the proper entity to receive,

---

[2] Notably, five of the seven expatriating procedures listed in § 1481(a) require that the individual seeking renunciation be located in a foreign state. *See* 8 U.S.C. § 1483(a) ("Except as provided in paragraphs (6) and (7) of section 1481(a) of this title, no national of the United States can lose United States nationality under this chapter while within the United States or any of its outlying possessions . . . .").

5

or to approve of, [the plaintiff's] attempted renunciation in the first instance[,]" thus making "any attempt by [the plaintiff] to renounce his U.S. citizenship by means of filing in this Court is improper and has no legal effect"), *R&R adopted by*, 2023 WL 3184315 (M.D. La. May 1, 2023); *Davis v. United States*, No. 2:08-cv-159, 2008 WL 1819928, at *1 (W.D. La. Mar. 28, 2008) (recommending dismissal of the complaint with prejudice where plaintiff sought to renounce his United States citizenship because the authority to grant plaintiff the ability to do so did not lie with the federal judiciary); *Reed v. Warden*, No. 12-CV-2651, 2013 WL 951650, at *1 (W.D. La. Jan. 15, 2013) (dismissing plaintiff's claim that he is not a United States citizen because plaintiff did not show "that he has effectively renounced his citizenship in accordance with 8 U.S.C. § 1481"). Accordingly, the undersigned Magistrate Judge recommends dismissal of this action with prejudice for failure to state a claim.[3] This court concludes that Bazan should not be given an opportunity to amend his pleadings because the circumstances that preclude relief cannot be cured by any amendment—in other words, any amendment would be futile because filing a lawsuit in

---

[3] Insofar as Bazan also seeks monetary damages for unspecified actions that allegedly resulted in "cruel and unusual punishment pain and suffering," he has also failed to state a claim against the named defendant. It is not clear whether Bazan intended to file suit under 42 U.S.C. § 1983, which provides a vehicle for a claim against a state official for a constitutional violation, or under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a vehicle for a claim against a federal government official for a constitutional violation in certain, narrow circumstances. Since the only defendant named by Bazan is President Biden, the court assumes that he intended to bring a *Bivens* action. Nonetheless, to state a valid cause of action under *Bivens*, a plaintiff must allege that an individual acting under federal law deprived him of a right secured by the United States Constitution. *See Bivens*, 403 U.S. at 395–97. In that regard, to the extent that Bazan seeks monetary damages from President Biden based on an alleged Eighth Amendment violation, Bazan has not alleged any facts that would show that President Biden was personally involved in any action that harmed Bazan or violated his rights. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Moreover, conclusory allegations devoid of specific facts are not sufficient to sustain a claim of a constitutional violation. *See Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1983) (explaining that conclusory allegations will not suffice to prevent dismissal for failure to state a claim); *Ashcroft*, 556 U.S. at 678.

6

federal district court is not one of the ways Congress has prescribed for renunciation of United States citizenship. In this instance, dismissal of this action without leave to amend is appropriate. *See Bazrowx*, 136 F.3d at 1054 (holding that a court may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (cleaned up).[4]

## IV.   CONCLUSION

After careful review of the record and relevant law, the undersigned recommends that the plaintiff's application to proceed *in forma pauperis* be **DENIED** (Dkt. No. 2) and that the civil action filed by Aaron James Bazan be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

---

[4] Moreover, as noted above, Bazan has been released from jail and has not filed a notice in this case updating the Clerk with his current address. Although the undersigned is recommending that the plaintiff's claims be dismissed on their merits for failure to state a claim, the court notes that Bazan's complaint could also be dismissed without prejudice for failure to prosecute this action based on his failure to comply with the court's April 3, 2023 Order, and his failure to keep the court apprised of his current address. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action *sua sponte* for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action *sua sponte* for failure to comply with court orders).

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

**SIGNED** at McAllen, Texas, this 25th day of July 2023.

Juan F. Alanis
United States Magistrate Judge